# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

HASSAN MAHDAVIAN,

Petitioner,

v.

CHRISTOPHER J. LAROSE,

Respondent.

Case No.: 3:26-cv-01489-RBM-MMP

**ORDER:**

**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1]; AND**

**(2) DENYING MOTION FOR IMMEDIATE RELEASE AS MOOT [Doc. 5]**

Pending before the Court is Petitioner Hassan Mahdavian's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED** and the Motion for Immediate Release (Doc. 5) is **DENIED AS MOOT**.

## I.    BACKGROUND

Petitioner, a native of Iran, entered the United States on November 4, 2023. (Doc. 1 at 10.) After his entry, Petitioner continued to reside in San Diego, California, obtained a work permit, and attended his immigration court hearings regularly. (*Id*. at 8, 10.)

On October 7, 2025, after attending one of these hearings, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") officers and transferred to the Otay

1

Mesa Detention Center where he remains detained. (*Id*. at 6, 10.) Petitioner applied for a bond hearing on December 15, 2025, but the Government an immigration judge ("IJ") both denied his request. (*Id*. at 10.) On January 12, 2026, Petitioner had an individual hearing before an IJ where he was granted withholding of removal to Iran. (*Id*. at 10; Doc. 5 at 1.)[1]

Petitioner, proceeding *pro se*, commenced this action on March 1, 2026, by filing the Petition. (Doc. 1.) Pursuant to this Court's Order (*see* Doc. 3), Respondents filed a Return in Opposition (Doc. 4) and Petitioner filed a "Response to the Letter of the DHS Representative dated April 10, 2026," which the Court construes as his Reply. (Doc. 5.)

## II.    <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    <u>DISCUSSION</u>

Petitioner claims his immigration detention since October 7, 2025, lacks valid detention grounds and violates his constitutional rights. (Doc. 1 at 6–7, 10.) Given Petitioner's *pro se* status, the Court liberally construes the Petition and finds that Petitioner raises violations of the Fifth Amendment's Due Process Clause. (*See id*.) Respondents

---

[1] Petitioner states he was granted withholding of removal on January 12, 2025, but that this decision took place "almost 2 months ago." (Doc. 1 at 10; *see* Doc. 5 at 1 (alleging withholding of removal was granted "more than 3 months" ago).) When the Petition and the supporting documents are read in whole, the correct date of the withholding of removal decision appears to be January 12, 2026.

assert that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)." (Doc. 4 at 1.) They also "acknowledge[ ] that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention," and "concede[ ] that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." (*Id*. at 1–2.) Respondents do not otherwise present arguments in opposition to Petitioner's factual or legal contentions.

As the statutory provision governing Petitioner's detention determines what procedures Respondents must follow, the Court will address this issue first.

**A.    Detention Authority**

Noncitizens who are "applicants for admission" are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). An applicant for admission is a noncitizen "who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted.'" *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (quoting 8 U.S.C. § 1225(a)(1)). "Once [a noncitizen] has a final removal order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a)." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Section 1231(a) "governs the detention, release, and removal of individuals 'ordered removed.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). Section 1231's detention authority applies during the "'removal period' . . . which begins on the latest of three dates: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order; or (3) if the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." *Padilla-Ramirez v. Bible*, 882 F.3d 826, 830 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)–(iii)) (cleaned up).

Here, Petitioner was granted withholding of removal on January 12, 2026, (Doc. 1 at 10) and was therefore ordered removed. *See De La Cruz v. Noem*, No. 1:25-cv-01508-KES-SKO (HC), 2025 WL 3211721, at *3 n.1 (E.D. Cal. Nov. 18, 2025) ("Procedurally,

3

being 'ordered removed' is a necessary condition for a grant of withholding of removal."); *Matter of I-S- & C-S-*, 24 I. & N. Dec. 432, 433 (BIA 2008) ("It is axiomatic that in order to withhold removal there must first be an order of removal that can be withheld.").

Petitioner also indicates, and Respondents do not dispute, that he did not appeal the removal order. (Doc. 1 at 2, 5; *see generally* Doc. 4.) Accordingly, Petitioner's removal order is administratively final and his detention is governed by 8 U.S.C. § 1231(a). *See Y.T.D. v. Andrews*, Case No. 1:25-CV-01100 JLT SKO, 2025 WL 2675760, at *1 n.5 (E.D. Cal. Sept. 18, 2025), *appeal dismissed*, No. 25-7265, 2025 WL 4233827 (9th Cir. Dec. 2, 2025) ("If both parties waive appeal or neither party appeals within the 30-day period, the withholding or CAT relief grant and the accompanying removal order become administratively final.") (citing 8 C.F.R § 1241.1).

**B.    *Zadvydas***

After the entry of a final removal order, a noncitizen is subject to mandatory detention for 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1). Section 1231(a) "authorizes further detention if the Government fails to remove the [noncitizen] during those 90 days." *Zadvydas v. Davis*, 553 U.S. 678, 682 (2001). The statute, however, is limited to "a period reasonably necessary to bring about [the noncitizen's] removal from the United States" and "does not permit indefinite detention." *Id*. at 689.

The Supreme Court has recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final. *Id*. at 701. After the six-month period expires, Petitioner has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. Once this initial burden is met, the burden shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Id*. If "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and the noncitizen must be released. *Id*. at 699–700.

Here, Petitioner was granted withholding of removal and ordered removed on January 12, 2026. (*See* Doc. 1 at 10.) The six-month presumptively reasonable detention

period therefore expires on June 12, 2026. Although the presumptively reasonable detention period expires soon, Petitioner has been detained for slightly less than six months after he was ordered removed and his detention is still presumptively reasonable.

Many district courts, including this Court, have found that the six-month presumption is rebuttable. *See Ndandu v. Noem*, 819 F. Supp. 3d 1155, 1159–60 (S.D. Cal. 2026) (citing cases). "[W]ithin the six-month period, 'the petitioner must claim and *prove* [ ] that his removal is not reasonably foreseeable' to overcome the presumption." *Id*. at *4 (quoting *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 398 (D.N.J. 2025)) (emphasis in original); *see Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wis. 2008) ("[T]he presumption scheme merely suggests that the burden the detainee must carry within the first six months . . . is a heavier one than after six months has elapsed."). "Accordingly, courts have granted *Zadvydas* relief before six months when the petitioner provides clear evidence showing that removal is not reasonably foreseeable." *Ghamoushi-Ramandi v. Noem*, No. 26CV1758-LL-SBC, 2026 WL 984278, at *3 (S.D. Cal. Apr. 13, 2026); *see Tumasov v. Doe 1*, No. 26CV590-LL-DEB, 2026 WL 458146, at *3–4 (S.D. Cal. Feb. 18, 2026) (granting petitioner's release who was detained for less than four months after being ordered removed because ICE had not identified a country that would accept petitioner).

In this case, Petitioner was granted withholding of removal to Iran. (*See* Doc. 1 at 10.) This "presents a legal impediment to [his] eventual removal because he may not be removed to" Iran—his country of birth—as long as the withholding of removal remains in effect. *Ndandu*, 819 F. Supp. 3d at 1160–61; *see Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) (finding a petitioner sufficiently established no significant likelihood of his removal in the reasonably foreseeable future based on his grant of asylum and CAT protection because "the government [was] not entitled to remove him to Sri Lanka, and no other country has been identified to which he might be removed.").

Additionally, Petitioner claims "it has been more than 3 months since [he was granted withholding of removal] and ICE has not been able to find a country to send [him] to and it is not expected that it [ ] will be able to do so in coming months." (Doc. 5 at 1

3:26-cv-01489-RBM-MMP

(cleaned up).)   Petitioner also claims that "demonstration[s], protests and civil war are ongoing [in Iran]" and cites two cases where courts in this District granted habeas petitions filed by similarly situated petitioners.  (Doc. 1 at 8, 10; Doc. 5 at 1 (citing *Tumasov*, 2026 WL 458146; *Lotfabadi Saleh v. Larose*, Case No.: 26-cv-2132-BJC-JLB, 2026 LX 219236, at *1 (S.D. Cal. Apr. 22, 2026)).)  In *Tumasov*, for example, the court ordered the petitioner released based on a finding that the petitioner could not "be removed to Armenia, which is his country of birth and citizenship, as well as the country designated during his removal proceedings, because he was granted withholding of removal to Armenia."   2026 WL 458146, at *3.  The court also rejected "Respondents' argument that ICE ERO is 'working diligently' to identify 'countries that may be willing to accept [the petitioner] for removal.' . . . [because it had] been over three months since [his] removal order became final, and ICE has not yet identified any country that would accept [p]etitioner."  *Id*.

Like in *Tumasov*, Petitioner was granted withholding of removal to his country of birth—Iran—and Respondents have not identified any other country that is willing to accept Petitioner in over five months.  In fact, Respondents present no argument or evidence concerning Petitioner's removal.  (*See generally* Doc. 4.)  Petitioner has therefore adequately shown his removal is not reasonably foreseeable to overcome the presumption.

Respondents advance no argument or provide any evidence that Petitioner's removal is likely to occur at all, much less in the reasonably foreseeable future.  *See United States v. Cabrera*, 796 F. Supp. 3d 660, 664 (S.D. Cal. 2025) ("Generally, a party waives argument when it fails to respond to an argument made to the court.") (citing *United States v. Caceres-Olla*, 738 F.3d 1051, 1053 n.1 (9th Cir. 2013)); *Hulagu v. Warden Jeremy Casey*, No. 3:26-CV-02699-RBM-JLB, 2026 WL 1454142, at *2 (S.D. Cal. May 21, 2026)("If the government provides evidence specific to the petitioner's removal in response, courts deny relief.") (quoting *Andreasian v. Noem*, Case No. 5:26-cv-00995-CV (DTB), 2026 WL 789954, at *3 (C.D. Cal. Mar. 16, 2026)).  Accordingly, the Court finds that Petitioner's continued detention is "unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699–700.

3:26-cv-01489-RBM-MMP

## IV.   CONCLUSION[2]

Based on the foregoing reasons, the Petition is **GRANTED**.  The Court further **ORDERS** as follows:

1. The Government is **ORDERED** to immediately release Petitioner from custody, subject to "appropriate conditions" of supervision to be determined by immigration authorities and in accordance with all applicable statutory and regulatory procedures.[3]

2. The Government **SHALL NOT** re-detain Petitioner under 8 U.S.C. § 1231(a)(6) unless and until the Government follows all applicable statutory and regulatory procedures.

3. The Motion for Immediate Release (Doc. 5) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE:  June 10, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[3]  *See Vlasov v. Bondi*, Case No.: 25-cv-1342-AJB-MSB, 2025 WL 2258582, at *3 (S.D. Cal. Aug. 7, 2025); *Daneshfar v. Facility Admin.*, CASE NO. 2:25-cv-01708-DGE-MLP, 2026 WL 71405, at *1 (W.D. Wash. Jan. 9, 2026).